UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD O. C.,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

CASE NO. 3:18-cv-05450-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to provide legally sufficient reasons to discount the opinions of Peter A. Weiss, Ph.D and Jerry Fisher, M.D. Had the ALJ properly considered this evidence, the residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. §

405(g) to the Deputy Commissioner of Social Security for Operations ("Commissioner") for further proceedings consistent with this Order.

FACTUAL AND PROCEDURAL HISTORY

On December 15, 2014, Plaintiff filed an application for DIB and SSI, alleging disability as of December 5, 2014. *See* Dkt. 8, Administrative Record ("AR") 15. The application was denied upon initial administrative review and on reconsideration. *See id*. A hearing was held before ALJ Vadim Mozyrsky on December 20, 2016. *See* AR 33. In a decision dated February 24, 2017, the ALJ determined Plaintiff to be not disabled. *See* AR 15-27. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by inappropriately: (1) evaluating the medical evidence; (2) evaluating Plaintiff's testimony; and (3) assessing Plaintiff's residual functional capacity. Dkt.11.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I.      Whether the ALJ appropriately discounted medical opinion evidence.**

Plaintiff contends the ALJ did not provide legally sufficient reasons to reject the opinion evidence by Peter A. Weiss, Ph.D. and Jerry Fisher, M.D. The Court agrees.

A. Dr. Weiss

Plaintiff first challenges the ALJ's treatment of the opinion by Dr. Weiss. Dkt. 11 pp. 2-3. The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

Here, Dr. Weiss conducted a psychiatric examination of Plaintiff on November 18, 2014. AR 540-548. Dr. Weiss diagnosed major depressive disorder, recurrent, severe, with psychotic features. AR 541. Dr. Weiss assessed severe limitations in performing activities within a schedule, maintaining regular attendance and being punctual within customary tolerances without special supervision, and completing a normal work day and work week without interruptions from psychologically based symptoms. AR 542. He also assessed moderate limitations in other areas. *Id*.

The ALJ gave Dr. Weiss's assessment of severe limitations little weight. The ALJ reasoned:

> (1) This opinion is not supported by the clinical findings in his examination report. (2) It is also inconsistent with the claimant's mental health treatment history, (3) and demonstrated level of functioning in activities of daily living. (4) As discussed above psychologist Brian Van Fossen, PhD, reviewed Dr. Weiss's opinion and

reported that it was not well supported. He reported that the claimant did not have more than moderate limitations in sustaining concentration of persistence, which is consistent with the evidence discussed throughout this decision, and given significant weight.

AR 25 (numbering added) (citation omitted).

The ALJ gave four reasons to reject Dr. Weiss's assessment of severe limitations. However, the first three reasons are conclusory or unsupported by the record, and the final reason, standing alone, is not legally sufficient to reject an examining physician's opinion.

An ALJ may discount a physician's opinion which is inadequately supported "by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (citation omitted). An ALJ may also discount a physician's findings if those findings appear inconsistent with a plaintiff's daily activities. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). However, an ALJ cannot reject a physician's opinion in a vague or conclusory manner. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996). As the Ninth Circuit has stated:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Embrey*, 849 F.2d at 421.

Here, the ALJ failed to explain what specific findings in Dr. Weiss's examination report do not support his opinion and how such findings do not support Dr. Weiss's opinion. Likewise, the ALJ did not specify what elements of the Plaintiff's mental health history were inconsistent with Dr. Weiss's opinion, nor how they are inconsistent with his opinion. *See* AR 25. Lastly, although the ALJ did provide discussion of Plaintiff's activities elsewhere in the opinion, the

ALJ did not articulate how Plaintiff's activities are inconsistent with the specific limitations opined by Dr. Weiss. *See* AR 23-24. Accordingly, each of the ALJ's first three reasons for discounting Dr. Weiss's examination report lacks the specificity necessary to discount a physician's opinion. *See McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was contrary to the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

Furthermore, the record does not support the ALJ's reasoning regarding the alleged inconsistency between Dr. Weiss's opinion and Plaintiff's activities. The ALJ noted Plaintiff's treatment record contained statements suggesting that during the relevant period Plaintiff did some work in an auto body shop, sold scrap metal, worked in his yard, mowed lawns, and "was looking forward to going to a race[.]" AR 23-24. However, the severe limitations assessed by Dr. Weiss concern problems maintaining work over time with punctuality and consistency. The record evidence the AJL cited does not specify for what length of time Plaintiff was able to maintain the auto body shop work, yard work, scrap metal sales, and lawn mowing. See AR 23-24 (citing AR 679, 689, 695, 698, 718, 720). Thus, the ALJ has not provided sufficient analysis to show these activities are necessarily inconsistent with the severe limitations opined by Dr. Weis regarding maintaining work over time with punctuality and consistency.

The ALJ's remaining reason for discounting Dr. Weiss's opinion is that Dr. Weiss's opinion was contradicted by reviewing non-examining psychologist Dr. Van Fossen. AR 25. Dr. Van Fossen reviewed Dr. Weiss's findings during a medical evidence review and concluded Plaintiff's diagnosis of depression was well supported, although "severe level ratings [regarding functional limitations] were not well supported by the text and evidence of functional impairment[.]" AR 579. Dr. Van Fossen adjusted the severe level impairments "to the moderate

range." Id. Because Dr. Van Fossen's findings contradict those of Dr. Weiss, the ALJ need only discount Dr. Weiss's opinion with specific and legitimate reasons supported by substantial evidence in the record. "However, the opinions of non-examining doctors "cannot by [themselves] constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Revels v. Berryhill*, 874 F.3d 648, 664 (9th Cir. 2017) (citing *Lester v. Chater*, 81 F.3d 821, 831.)

Because Dr. Van Fossen is a non-examining psychologist, and because the ALJ's other reasons for discounting Dr. Weiss's opinion are conclusory or unsupported by the record, the ALJ did not provide any legally sufficient reason to discount the opinion of Dr. Weiss. Accordingly, the ALJ erred.

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-19 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Here, Dr. Weiss assessed limitations greater than the limitations set forth in the ALJ's RFC determination. As noted, Dr. Weiss assessed severe limitations involving Plaintiff's ability to maintain regular attendance, to sustain a workday/week without interruptions, and to conform to a schedule. Yet the RFC includes no limitations regarding attendance, interruptions to work, nor ability to conform to a schedule. *See* AR 20. The ALJ may have included additional

limitations regarding attendance, interruptions to work, or conforming to a schedule had the ALJ fully credited Dr. Weiss's opinion. In turn, these limitations may have been conveyed to the vocational expert ("VE"), affecting the ultimate disability determination. Because the ultimate disability determination may have changed with proper consideration of Dr. Weiss's opinion, the ALJ's error is not harmless and requires reversal.

B. Dr. Fisher

Plaintiff next challenges the ALJ's treatment of the opinion by Jerry Fisher, M.D. Dkt. 11 p. 4. On December 4, 2014, Dr. Fisher evaluated Plaintiff for an "employability exam." AR 529-537. Dr. Fisher diagnosed lumbago, plantar fasciitis, and depression, and opined Plaintiff should be limited to sedentary work. AR 530-531.

The ALJ gave Dr. Fisher's assessment little weight. The ALJ reasoned:

> (1) [Dr. Fisher] reported that the claimant was limited to sedentary work, but this seems inconsistent with his examination report, which showed normal strength, gait, and no acute distress. (2) Moreover, this opinion is inconsistent with the weak objective evidence, particularly the unremarkable medical imaging studies of the spine, (3) the claimant's conservative treatment history, and (4) the claimant's demonstrated level of functioning in activities of daily living.

AR 24-25 (numbering added).

First, the ALJ discounted Dr. Fisher's opinion because the sedentary limitation he assessed was inconsistent with the findings in his examination report showing normal strength and gait and no acute distress. This reason, however, is not supported by substantial evidence. While the ALJ relied on the fact Plaintiff presented with no acute distress, Dr. Fisher's report notes the contrary. *See* AR 536 ("General Appearance: In acute distress[;] chronic low back pain with recurrent spasms"). Furthermore, it is not evident what part of Dr. Fisher's report describes normal strength. *See* AR 529-537. Rather, Dr. Fisher noted "Muscle weakness[;] he is out of shape, doing very little physical exercise." AR 535. Lastly, although Dr. Fisher noted a normal

gait and stance, the ALJ did not describe how this finding is necessarily inconsistent with a limitation to sedentary work.

Second, the ALJ discounted Dr. Fisher's opinion because the sedentary limitation is inconsistent with unremarkable medical imaging studies of the spine. AR 24-25. But the ALJ did not discuss any specific medical imaging as it relates to Dr. Fisher's opinion, and provided no reasoning how unremarkable medical imaging conflicts with a sedentary limitation. Third, the ALJ discounted Dr. Fisher's opinion because the sedentary limitation is inconsistent with Plaintiff's conservative treatment history, but did not link his reasoning with any specific citations to treatment records and did not provide a logical bridge explaining how Dr. Fisher's assessment of a sedentary limitation is inconsistent with conservative treatment. *See McAllister*, 888 F.2d at 602.

Lastly, the ALJ discounted Dr. Fisher's opinion because the sedentary limitation is inconsistent with Plaintiff's demonstrated level of functioning in his activities of daily living. As discussed above, the ALJ did note evidence of Plaintiff's activities elsewhere in the opinion, which include working in an auto body shop, working in his yard, mowing lawns, and selling scrap metal. *See* AR 23. However, while the ALJ found Plaintiff's "activities of daily living seem less restricted than he alleges," the ALJ failed to connect specific activities to Dr. Fisher's opinion, and did not provide reasoning how Plaintiff's activities are inconsistent with the sedentary limitation opined by Dr. Fisher. *See* AR 24. Thus, the ALJ's reasoning is conclusory.

Defendant notes other good reasons to discount Dr. Fisher's opinion—namely, the opinions of examining physician Aleksandar Curcin, M.D. and treating physician Benjamin Taylor M.D. Dkt. 12 p. 4. Dr. Curcin found Plaintiff was "capable of gainful employment on a reasonably continuous basis without restrictions[,]" and Dr. Taylor concurred with this opinion.

AR 482 and 487. But even if there were other good reasons to discount the severe limitations opined by Dr. Fisher, the Court may not intuit reasoning for the ALJ. According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (citing *Chenery Corp*, 332 U.S. at 196).

In this case, at least one of the ALJ's reasons for discounting Dr. Fisher's opinion is not supported by substantial evidence. The remaining vague, conclusory statements rejecting Dr. Fisher's opinion do not reach the specificity necessary to justify rejecting the sedentary limitation and are insufficient for this Court to determine if the ALJ properly considered the evidence. Therefore, the ALJ erred. *See Embrey*, 849 F.2d at 421-22 ("it is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings[;]" conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion); *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

As noted, an error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. Here, while Dr.

Fisher opined Plaintiff should be limited to sedentary work, the ALJ determined Plaintiff has the RFC to perform medium work with some additional limitations. AR 20. Furthermore, there was no testimony from the VE regarding what, if any, work an individual with Plaintiff's characteristics could perform at the sedentary level. *See* AR 51-55. Because the ultimate disability determination may have changed with proper consideration of Dr. Fisher's opinion, the ALJ's error is not harmless and requires reversal.

## II. Whether the ALJ appropriately discounted Plaintiff's symptom testimony

Plaintiff contends the ALJ failed to provide legally sufficient reasons to discount his symptom testimony. Dkt. 11 p. 8.

The Court has found the ALJ committed harmful error in discounting the opinion of Dr. Weiss and Dr. Fisher and has directed the ALJ to reassess medical opinion evidence on remand. Because Plaintiff will be able to present new evidence and testimony on remand, and because proper consideration of the medical opinion evidence may impact the ALJ's assessment Plaintiff's symptom testimony, the Court declines to consider whether the ALJ erred with respect to Plaintiff's symptom testimony. Instead, the Court directs the ALJ to reweigh any testimony from Plaintiff as necessary on remand.

## III. Whether the ALJ properly determined Plaintiff's RFC

Plaintiff contends the ALJ erred in assessing his RFC on account of the little weight given to the opinion evidence discussed above. *See* Dkt. 11, pp. 17-18.

The Court has found the ALJ committed harmful error and has directed the ALJ to reassess medical opinion evidence on remand. *See* Section I., *supra*. Hence, the ALJ is directed to reassess the RFC on remand. *See* Social Security Ruling 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc.*

*Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC on remand, the ALJ is directed to re-evaluate Step Five to determine whether there are jobs existing in significant numbers in the national economy Plaintiff can perform given the RFC. *See Watson v. Astrue*, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (finding the RFC and hypothetical questions posed to the VE defective when the ALJ did not properly consider two physicians' findings).

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 14th day of February, 2019.

*[signature]*

David W. Christel
United States Magistrate Judge